|     |                                      |                                      |
| --- | ------------------------------------ | ------------------------------------ |
| 1   |                                      |                                      |
| 2   |                                      |                                      |
| 3   | UNITED STATES DISTRICT COURT         |                                      |
| 4   | DISTRICT OF NEVADA                   |                                      |
| 5   | * * *                                |                                      |

ANDRE KING-HARDIMAN,

                 Petitioner,

v.

GITTERE, *et al.*,

                 Respondents.

Case No. 3:19-cv-00484-MMD-WGC

ORDER

This is a closed habeas corpus action under 28 U.S.C. § 2254. Petitioner had commenced the action without either filing an application to proceed *in forma pauperis* or paying the filing fee. (*See* ECF No. 3.) The Court directed Petitioner to file a complete application to proceed *in forma pauperis* or to pay the filing fee. (*Id.*) Petitioner filed an incomplete application to proceed *in forma pauperis*. (ECF No. 4.) The Court again directed Petitioner to file a complete application to proceed *in forma pauperis* or to pay the filing fee. (ECF No. 6.) Two months later, the Court dismissed the action for non-compliance. (ECF No. 7.) Petitioner then paid the filing fee almost a month after the dismissal. (ECF No. 9.) Petitioner also filed a new petition for a writ of habeas corpus. (ECF No. 10.)

By the Court's calculations, the initial petition effectively was timely filed based upon the postmark of August 8, 2019. (*See* ECF No. 1-1 at 9.) However, the one-year period of limitation under 28 U.S.C. § 2244(d)(1) expired soon after commencement of the action. *See* 28 U.S.C. § 2244(d)(1). If Petitioner commenced a new habeas corpus action, then it would be untimely, because the time spent on this action did not toll the one-year period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). Instead, the Court will reinstate the action.

The sole claim in the new petition (ECF No. 10) is the same as the sole claim in the initial petition (ECF No. 1-1)—that counsel failed to correct or object to the state district judge's incorrect statement about the possible penalties for first-degree murder.[1] The claim thus relates back to the initial petition. *See Mayle v. Felix*, 545 U.S. 644, 664 (2005).

Petitioner submitted a motion for appointment of counsel along with the initial petition.[2] Petitioner is unable to afford counsel. *See* 18 U.S.C. § 3006A. Petitioner is also serving a sentence of life without the possibility of parole.[3] His claim raises the possibility that the state district judge's misstatement of potential sentences might have affected his decision to plead guilty. For these reasons, the Court will appoint counsel.

It is therefore ordered that the Clerk of the Court will reopen this action.

It is further ordered that the Clerk of the Court will file the motion for appointment of counsel, currently in the docket at ECF No. 1-2.

It is further ordered that the motion for appointment of counsel is granted.

It is further ordered that the Federal Public Defender is appointed provisionally as counsel. The Federal Public Defender will have 30 days from the date of entry of this order either to undertake representation of Petitioner or to indicate to the Court the office's inability to represent Petitioner. If the Federal Public Defender is unable to represent Petitioner, then the Court will appoint alternate counsel. The Court will set a deadline for filing of an amended petition or a motion seeking other relief after counsel has appeared. The Court anticipates setting the deadline for 60 days from entry of the formal order of

---

[1]The Court did not formally file the initial petition because it dismissed the action. The Court will not file the initial petition now because, with the filing of the new petition (ECF No. 10), it would run a risk of confusion as to which is actually the later-filed petition.

[2]Petitioner also submitted a notice of appeal, purporting to appeal a decision of the Nevada Court of Appeals. The Court will take no action on this notice of appeal because the Court does not have appellate jurisdiction over the Nevada state courts. *D,C, Ct. App. v. Feldman*, 460 U.S. 462, 476, 483 n.16 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415–16 (1923).

[3]Petitioner alleges that he was convicted of first-degree murder, robbery, burglary, and home invasion. He alleges only one sentence of life without the possibility of parole. It is unclear whether the state district court imposed the sentences for the other offenses concurrently or consecutively.

appointment. The Court does not signify any implied finding of tolling during any time period established or any extension granted. Petitioner always remains responsible for calculating the limitation period of 28 U.S.C. § 2244(d)(1) and timely presenting claims. The Court makes no representation that the petition, any amendments to the petition, and any claims in the petition or amendments are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that the Clerk add Aaron Ford, Attorney General for the State of Nevada, as counsel for Respondents.

It is further ordered that the Clerk electronically serve both the Attorney General of the State of Nevada and the Federal Public Defender a copy of the petition and a copy of this order.

It is further ordered that Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

It is further ordered that the Clerk will provide copies of all prior filings to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

DATED THIS 14th day of February 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE