UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ANDRE KING-HARDIMAN, | Case No. 3:19-cv-00484-MMD-CSD |
|---|---|
| Petitioner, | ORDER |
| v. | |
| GITTERE, *et al.*, | |
| Respondents. | |

## I. SUMMARY

This is a habeas corpus action under 28 U.S.C. § 2254. Petitioner Andre King-Hardiman has filed a first amended petition. (ECF No. 19 ("Amended Petition").) Before the Court is Respondents' motion to dismiss (ECF No. 35 ("Motion")) the Amended Petition (ECF No. 19).[1] The Court finds that two grounds of the Amended Petition relate back to the initial petition (ECF No. 1-1), that one ground does not relate back, and that ground 1 of the Amended Petition was exhausted in the state courts. The Court will therefore grant the Motion in part and deny it in part.

## II. BACKGROUND

King-Hardiman was charged with one count each of murder, invasion of the home, burglary, and robbery. For each count, King-Hardiman also was charged with committing the felony in violation of a domestic-violence protection order. (Exh. 43, ECF No. 36-14 (amended superseding indictment).)[2] The prosecution intended to seek the death penalty.

---

[1]King-Hardiman opposes the Motion (ECF No. 49), and Respondents filed a reply (ECF No. 54).

[2]King-Hardiman filed exhibits in support of his Amended Petition, numbered 1-29. (ECF No. 21, 22.) Respondents filed exhibits in support of their Motion, continuing the numbering sequence that Petitioner started. (ECF No. 36 through 44). The Court will cite to the exhibits without stating whether they are King-Hardiman's exhibits or Respondents' exhibits because they use the same sequence.

(Exh. 36, ECF No. 36-7.) On February 11, 2014, the day that the jury trial was scheduled to begin, King-Hardiman and the prosecution reached a guilty plea agreement. King-Hardiman would plead guilty to first-degree murder and the other charges in the amended superseding indictment. The prosecution would withdraw the notice of intent to seek the death penalty. The prosecution retained the right to argue for any other lawful sentence, including life imprisonment without the possibility of parole for first-degree murder. (Exh. 3, ECF No. 20-3.) King-Hardiman pleaded guilty and the trial court accepted his plea. (Exh. 4, ECF No. 20-4.)

On May 21, 2014, King-Hardiman filed a proper-person motion to withdraw his plea and a proper-person motion to dismiss counsel. (Exh. 5, ECF No. 20-5; Exh. 6, ECF No. 20-6.) In a hearing on June 11, 2014, before a different state district judge, the state district court denied King-Hardiman's motions. (Exh. 7, ECF No. 20-7.) On June 13, 2014, King-Hardiman's counsel filed a motion to withdraw. (Exh. 8, ECF No. 20-8.) In a hearing on June 23, 2014, before the state district judge who presided over the case, the state district court denied the motion. (Exh. 9, ECF No. 20-9.) On July 18, 2014, the state district court convicted and sentenced King-Hardiman to life imprisonment without the possibility of parole for first-degree murder, 48 to 120 months for home invasion, 48 to 120 months for burglary, and 72 to 180 months for robbery. (Exh. 13, ECF No. 20-13.) All sentences run concurrently. (*Id.*) The state district court entered its judgment of conviction on July 21, 2014. (Exh. 14, ECF No. 20-14.)

King-Hardiman appealed. (Exh. 174, ECF No. 42-9.) The Nevada Supreme Court transferred the appeal to the Nevada Court of Appeals. (Exh. 191, ECF No. 42-26.) On September 15, 2015, the Nevada Court of Appeals affirmed. (Exh. 18, ECF No. 21-3.) On December 3, 2015, the remittitur issued. (Exh. 19, ECF No. 21-4.)

On December 2, 2016, King-Hardiman filed a post-conviction habeas corpus petition in the state district court. (Exh. 21, ECF No. 21-6.) He filed a supplemental petition on September 22, 2017. (Exh. 208, ECF No. 43-12.) The state district court denied the petition on April 19, 2018. (Exh. 24, ECF No. 21-9.)

King-Hardiman appealed. (Exh. 214, ECF No. 44-1.) The Nevada Supreme Court transferred the appeal to the Nevada Court of Appeals. (Exh. 225, ECF No. 44-12.) On July 17, 2019, the Nevada Court of Appeals affirmed. (Exh. 28, ECF No. 21-13.) Remittitur issued on August 13, 2019. (Exh. 29, ECF No. 21-14.)

King-Hardiman mailed his § 2254 petition to this Court from prison, with a postmark date of August 8, 2019. (ECF No. 1-1 at 9.) On January 9, 2020, the Court dismissed the action because King-Hardiman had not paid the filing fee. (ECF No. 7.) King-Hardiman paid the filing fee and filed another habeas corpus petition on February 3, 2020. (ECF Nos. 9, 10.) On February 14, 2020, the Court reopened the action because the statute of limitations of 28 U.S.C. § 2244(d)(1)(A) had run soon after King-Hardiman commenced this action; any new action that he commenced would be untimely. (ECF No. 11.) The Court also noted that the sole claim in the new petition was the same as the sole claim in the original petition, and thus it related back to the original petition. (*Id.*) The Court also appointed counsel to represent King-Hardiman. (*Id.*) King-Hardiman filed his Amended Petition on May 20, 2020. (ECF No. 19.) Respondents' Motion followed. (ECF No. 35.)

### III.   LEGAL STANDARD

#### A.   Timeliness

King-Hardiman had one year from the date his judgment of conviction became final to file a petition under § 2254 in this Court. 28 U.S.C. § 2244(d)(1)(A). The judgment of conviction became final when the time to petition the Supreme Court of the United States expired. *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009).

The time King-Hardiman spent pursuing his state post-conviction habeas corpus petition did not count toward this one-year limitation period. *See* 28 U.S.C. § 2244(d)(2). The period of limitation resumed when the post-conviction judgment becomes final upon issuance of the remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).

An amended habeas corpus petition "does not relate back (and thereby escape [§ 2244(d)(1)(A)'s] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*

*v. Felix*, 545 U.S. 644, 650 (2005). Relation back is allowed "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts . . .." *Id.* at 664.

### B.    Exhaustion of State-Court Remedies

Before this Court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. *See* 28 U.S.C. § 2254(b). To exhaust a ground for relief, the petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings *specifically* as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *amended*, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

## IV.    DISCUSSION

### A.    Timeliness

The Nevada Court of Appeals affirmed the judgment of conviction on September 15, 2015. (Exh. 18, ECF No. 21-3.) The judgment of conviction became final on December 14, 2015, when the time to file a petition for a writ of certiorari expired. *See* Sup. Ct. R. 13(1).

When King-Hardiman filed his state post-conviction habeas corpus petition on December 2, 2016, 353 days in the one-year period had passed. (Exh. 21, ECF No. 21-6.) The one-year period then was tolled under § 2244(d)(2) until the remittitur issued at the end of the post-conviction appeal process, on August 13, 2019. (Exh. 29, ECF No. 21-14.)

King-Hardiman's initial § 2254 petition (ECF No. 1-2) was effectively filed August 8, 2019, when it was postmarked. *See* Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.[3]

The one-year period of § 2244(d)(1)(A) expired at the end of August 29, 2019. All claims in the first amended petition (ECF No. 19) must relate back to the initial petition to be timely. The sole claim in the initial petition was, in full[4]:

> ~~Petitioner's misconception of the impossible sentence structure, clearly shows, on the record, Petitioner refused any kind of Life sentence. However, because of the erroneous statement by the trial judge was the primary basis for Petitioner's erroneous idea that Petitioner can spend exclusively 20 yrs in prison, be released & life the rest of his life without the possibility of parole & plead guilty. Therefore~~
>
> The failure of an attorney to correct &/or even object to the courts on the untenable sentence structure (20 to life without the possibility of parole) is an omission that it cannot be said to fall within the wide range of professional competent assistance, which is demanded by the 6th and 14th Amendments & when not fulfilled is a blatant violation of the 'fair trial' & 'equal protection' clauses.

(ECF No. 1-1 at 3.)

The sentence structure described above came from the following statements by the judge at the change-of-plea hearing. In describing the potential sentences for first-degree murder, the judge first said, "20 to 50, a definite term; a life – 20 on the bottom, a life with the possibility of parole; or *20 on the bottom, life without the possibility of parole.* Those are the range of punishments, but the death penalty is off the table." (Exh. 4, ECF No. 20-4 at 6 (emphasis added).) Then, after a recess, the judge said, "The range of punishment on a murder, first degree murder, is 20 to 50 years, it's 20 to life with the possibility of parole or it's *20 to life without the possibility of parole* and no one can promise

---

[3] Rule 3(d) actually states that the date of effective filing is the date that the petitioner delivered the petition to prison officials for forwarding to the court. That might have been earlier than August 8, 2019, but King-Hardiman did not provide that date. Additionally, § 2254(d)(2) still was tolling the one-year period, so the actual date of delivery makes no difference to the calculations of timeliness.

[4] The Court assumes that King-Hardiman wanted the Court not to consider the stricken text. The Court reproduces it for the sake of completeness and in case the Court's assumption is incorrect.

you any outcome. *So the minimum you're looking at is 20 on the bottom and a potential life without.*" (*Id.* at 8 (emphasis added).)

With the intent to seek the death penalty withdrawn, first-degree murder in Nevada has three potential sentences of imprisonment: (1) life without the possibility of parole, (2) life with eligibility for parole beginning after a minimum of 20 years, and (3) 50 years with eligibility for parole beginning after a minimum of 20 years. *See* NRS § 200.030(4)(b).

### 1. Ground 1 Relates Back

In ground 1, King-Hardiman argues that his guilty plea was unknowing and involuntary because he did not understand the potential sentences for first-degree murder due to the judge misstating them. (ECF No. 19 at 17-20.) This ground and the ground in the initial petition share a common core of operative fact: the judge misstated the potential sentences for first-degree murder, and King-Hardiman did not understand his possible exposure to life imprisonment without the possibility of parole. Ground 1 is a claim of an invalid guilty plea, and the ground in the initial petition is a claim of ineffective assistance of counsel, but the facts, not the legal theories, are relevant for relation back. *See Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013), *abrogated on other grounds by Davila v. Davis*, 137 S. Ct. 2058 (2017). Ground 1 therefore relates back to the initial petition.

### 2. Ground 2 Does Not Relate Back

In ground 2, King-Hardiman claims that he was denied his right to counsel because trial counsel Charles Cano coerced King-Hardiman into pleading guilty during the recess in the change-of-plea hearing. King-Hardiman further claims that they thus had an irreconcilable conflict, which the state court did not remedy later by appointing substitute counsel in the hearings in June and July 2014. (ECF No. 19 at 20-21 (referencing ECF No. 19 at 8-10).) Nothing in ground 2 mentions the trial court misstating the potential sentences. Likewise, nothing in the ground in the initial petition mentions Cano coercing King-Hardiman into pleading guilty or King-Hardiman's efforts to have Cano dismissed and substitute counsel appointed. Petitioner asks the Court to construe the initial petition

1  liberally, but liberal construction does not include implying facts that appear nowhere in
2  the petition. (ECF No. 49 at 4-5.) A failure to object to a misstatement by the state judge
3  is not the same as coercing King-Hardiman to plead guilty during a court recess. A
4  change-of-plea hearing is not the same as hearings on motions to dismiss counsel 4 to 5
5  months later. The facts in the two claims differ in time and type. Ground 2 does not relate
6  back, and the Court therefore will dismiss it.

7  Respondents also argue that ground 2 is not subject to federal habeas corpus relief
8  because the Supreme Court of the United States has not clearly established federal law
9  whether an irreconcilable conflict between client and counsel constitutes the denial of
10 counsel. (ECF No. 35 at 7-10). The Court will not address this argument because the
11 Court is dismissing ground 2 as untimely.

### 3. Ground 3 Relates Back

In ground 3, King-Hardiman claims that trial counsel failed to inform King-Hardiman adequately about the direct consequences of his guilty plea, namely, how the potential sentencing ranges functioned. (ECF No. 19 at 21-24.) This is the same claim as ground 1 of the initial petition. They both have the same core of operative facts: the state district court gave an incorrect potential sentence range, and counsel failed to correct it. Ground 3 relates back to the initial petition.

### B. Exhaustion

Respondents argue that King-Hardiman has not exhausted his state-court remedies for ground 1, a claim that his guilty plea was unknowing and involuntary, because he did not present the claim to the state courts as a violation of federal constitutional law. The Court disagrees. In the opening brief on direct appeal, discussing the elements of a knowing and voluntary guilty plea, King-Hardiman quoted *Hanley v. State*, 624 P.2d 1387, 1389 (Nev. 1981), *abrogated on other grounds by Woods v. State*, 958 P.2d 91 (Nev. 1998). (Exh. 15, ECF No. 20-15 at 23.) In turn, *Hanley* stated that it was applying federal law as determined by the Supreme Court of the United States in *Boykin v. Alabama*, 395 U.S. 238 (1969), regarding the validity of guilty pleas. *Hanley*,

1  624 P.3d at 1389. The citation of a state-court case that applies federal constitutional
2  principles is sufficient to exhaust the claim in state court. *Peterson*, 319 F.3d at 1158.
3  Because the Court finds that ground 1 is exhausted, Respondents' Motion will be denied
4  as to the exhaustion argument.

## V.  CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 35) is granted in part and denied in part. Ground 2 of the first amended petition (ECF No. 19) is dismissed because it is untimely. In all other respects, Respondents' motion to dismiss is denied.

It is further ordered that Respondents will have 60 days from the date of entry of this order to file and serve an answer to the first amended petition, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. King-Hardiman will have 30 days from the date on which the answer is served to file a reply.

DATED THIS 11th Day of March 2022.

MIRANDA M. DU  
CHIEF UNITED STATES DISTRICT JUDGE